UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH CULLEN,

      Plaintiff,

v.                                    CASE NO. 8:16-cv-406-T-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and disability insurance benefits ("DIB"), alleging disability beginning April 10, 2010.  (Tr. 157.)  A hearing was held before the assigned Administrative Law Judge ("ALJ") on May 6, 2014, at which Plaintiff was represented by an attorney.  (Tr. 34-50.)  The ALJ found Plaintiff not disabled from April 10, 2010 through December 31, 2012, the date last insured.[2]  (Tr. 21-27.)

In reaching his decision, the ALJ found that Plaintiff had one severe

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Docs. 11, 13.)

[2] Plaintiff had to establish disability on or before his date last insured in order to be entitled to a period of disability and DIB.  (Tr. 21.)

impairment, namely cervical dystonia,[3] and retained the residual functional capacity ("RFC") to perform a restricted range of light work.  (Tr. 23-24.)  The ALJ further found that Plaintiff was capable of performing his past relevant work as a general manager, as actually and generally performed.  (Tr. 26.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from April 10, 2010 through December 31, 2012.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary

---

[3] Cervical dystonia is a rare neurological disorder characterized by involuntary muscle contractions in the neck that cause abnormal movements and postures of the neck and head.  (Doc. 17-1 at 6.)

2

result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff argues that the ALJ erred in failing to address his non-exertional symptoms in determining his RFC. Specifically, Plaintiff states:

> The findings of the [ALJ] mischaracterize the medical evidence. At a minimum the claimant has continuous involuntary movements of the neck, wherein he needs to hold his head in place with at least one hand. This is uncontroverted. If the claimant has continuous involuntary movements of the neck with the face rotating to the left shoulder and he has to use at least one hand to keep the head in place, the [ALJ] should have considered this in determining whether the claimant could perform his past relevant work or any other work.

(Doc. 17 at 7.) Plaintiff adds that if he "cannot engage in frequent near acuity, due to his head spasms, or cannot hold his head still unless he holds it with one or both hands, he cannot do [his] job" of a general manager. (*Id.* at 8.)

The Commissioner responds that, contrary to Plaintiff's contention, the ALJ considered Plaintiff's claim of needing to continuously use his hands to hold his

head steady.  (Doc. 18 at 4.)  However, as the ALJ noted, "Plaintiff's claim was inconsistent with treatment notes during the relevant period from April 2010 to December 2012, in which treating sources noted Plaintiff's neck problems but did not mention restrictions on the use of his hands."  (*Id.*)  The Court agrees with the Commissioner.

The ALJ found that Plaintiff had the RFC to perform a restricted range of light work as follows:

> The claimant could lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  The claimant could stand or walk for a total of approximately 6 hours of an 8-hour day and sit during the remaining time with normal breaks.  The claimant was also able to sit for a total [of] approximately 6 hours of an 8-hour day.  The claimant could only occasionally perform postural functions.

(Tr. 24.)

The ALJ discussed Plaintiff's complaints, his chiropractic treatment, the consultative examination performed by Monica Munoz, D.O., the treatment records of Morton Corin, M.D., and the opinion of the State agency medical consultant Lionel Henry, M.D., among others.  (Tr. 24-25.)  The ALJ found that Plaintiff's cervical dystonia, tonic movements, and pain limited Plaintiff to "no more than light level work activity," and that his neck movement, pain, and limited range of motion "limited him to no more than occasional performance of postural functions."  (Tr. 25.)

With respect to Plaintiff's involuntary neck movements, the ALJ stated:

4

Through supporting documents and hearing testimony, the claimant has alleged disability due to cervical dystonia, damaged vertebra, left-sided neck pain, low back pain, a need to hold his head to relieve discomfort, and rotation of his head to the left causing it to tilt forward and down.  The claimant has alleged difficulty seeing where he is walking, difficulty sitting for periods of time, slowed activities, and an inability to use his hands due to needing to hold his head steady.  After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably have been expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible . . . due to inconsistencies between them and the other evidence of record.  For example, the claimant's allegations of being unable to use his hands due to needing to hold his head steady are inconsistent with the records of his chiropractor and Dr. Corin between April of 2010 and December of 2012.  Progress notes from these providers contain no mention of him being unable to use his hands (Exhibits 3F, 5F).  Similarly, consultative examiner Dr. Munoz noted movements of the claimant's neck, but no unusual posture, 5/5 strength, normal grip, and intact manual dexterity (Exhibit 4F).

(Tr. 26.)

As shown by the ALJ's decision, the ALJ considered Plaintiff's involuntary neck movements and his claim of needing to continuously use his hand(s) to hold his head steady.  However, the ALJ incorporated into the RFC assessment only those symptoms and limitations, which he found to be supported by the record. The ALJ's findings are supported by substantial evidence.  (*See, e.g.*, Tr. 266 ("Joe states he does some walking and physical labor for work. . . . His neck pulls to the left. Joseph is currently taking . . . Aspirin[.]"), 267-69 ("Decreased active cervical rotation is observed.  Pain and tenderness is found upon palpation of the upper cervical spine.  Upper cervical subluxation is present as indicated by head

5

tilt, postural distortiion [sic], and musculoskeletal inequality. . . . Patient reports less pain after second adjustment. . . . [I]mproved cervical rotation. . . . [I]mproved alignment of head and neck."), 272 ("There is no abnormal behavior or unusual posture.  Pain behaviors are not demonstrated.  The claimant was observed holding a pen without difficulty as he wrote his name today. . . . Continuous involuntary movements of the neck with the face rotating to the left shoulder."), 273 (normal neurological and extremities findings), 287-88 (noting continued tonic movements of the neck toward the left and agreement that "a trial of medication is worthwhile prior to possible surgery for cervical dystonia"), 290-91 ("This is a 62-year-old male who presents for neurological evaluation because of 'cervical dystonia' of approximately 20 years duration.  He has had involuntary head turning toward the left [that] can be overcome by gently touching the left side of the face with a slight pressure toward the right.  This has gradually worsened over time and he has mild posterior neck pain as well. . . . He does not have similar involvement elsewhere in the body and otherwise denies difficulties with vision, hearing, mentation, motor, sensation, or other symptoms. . . . Although medication given orally is less effective in general, he has never taken this and he is therefore felt to warrant a trial.").)

Although Plaintiff's continuous involuntary movements of the neck are documented in the record during the relevant period, his claim that he needs to consistently use one or both of his hands to keep his head in place are not

6

supported by substantial evidence.  The same is true for Plaintiff's claim that he cannot engage in frequent near acuity due to his head spasms.  To the extent the ALJ's discredited Plaintiff's complaints, the ALJ provided adequate reasons, supported by substantial evidence, for his credibility determination.

### III.    Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based on this standard of review, the Court concludes that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question is due to be affirmed.

Accordingly, it is **ORDERED**:

1.      The Commissioner's decision is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on January 19, 2017.


_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

7

Copies to:

Counsel of Record